ALD-187                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4028
_____

RICHARD D. TAYLOR,
                              Appellant

v.

CARL C. DANBERG, Commissioner; WARDEN JAMES T. VAUGHN
CORRECTIONAL CENTER; ANTHONY RENDINO, Classification Administrator;
DOES, Delaware Department of Corrections Central Offender Records
_____

On Appeal from the United States District Court
for the District of Delaware
(D. Del. Civil No. 1-12-cv-00024)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 30, 2015

Before:  RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 26, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Richard Taylor, a Delaware state prisoner proceeding pro se, appeals an order of the United States District Court for the District of Delaware granting summary judgment for the defendants in his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.

In 1971, Taylor was convicted in Delaware state court of first degree kidnapping and first degree rape. He received two concurrent sentences of life in prison. Taylor was released on parole in 1986 and his parole was later revoked. Taylor was apparently re-paroled several times but each time his parole was revoked. In 2004 and 2005, Taylor filed petitions seeking habeas relief in state and federal court without success. See Taylor v. Carroll, D. Del. Civ. No. 05-cv-00030, 2006 WL 278542 (Feb. 6, 2006).

In 2012, Taylor filed a complaint in District Court pursuant to 42 U.S.C. § 1983 against several prison officials and unidentified individuals at the Delaware Department of Corrections Central Offender Records. Taylor alleged that he was awarded good time and meritorious time credits, but that the defendants have withheld the accrued credits and have failed to apply them to reduce his sentence. He stated that when he was convicted, a life sentence was defined as 45 years and could be reduced by good time credits. Taylor claimed that the defendants are improperly applying Delaware's Truth in Sentencing Act of 1989 to him in violation of the Ex Post Facto Clause and that they are violating his Fourteenth and Eighth Amendment rights. He sought money damages and declaratory and injunctive relief.

2

Taylor and the defendants moved for summary judgment. In granting the defendants' motion, the District Court ruled that Taylor's action is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In the alternative, the District Court held that it lacked jurisdiction under the Rooker-Feldman[1] doctrine. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review is de novo. Renchenski v. Williams, 622 F.3d 315, 324 (3d Cir. 2010).

In Heck v. Humphrey, the Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner can show that the conviction or sentence has been invalidated. Edwards v. Balisok, 520 U.S. 641, 643 (1997) (quoting Heck, 512 U.S. at 487). The Court in Heck explained that the principle that civil tort actions are not the proper vehicles to challenge the validity of a criminal judgment applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement. Heck, 512 U.S. at 486. Similarly, in Balisok, the Supreme Court ruled that a claim for damages and declaratory relief brought by a state prisoner challenging the validity of the procedures used in his disciplinary proceedings to deprive him of good time credits is not cognizable under § 1983 if a judgment in his favor would necessarily imply the invalidity of the loss of

---

[1]Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

good time credits.  <u>Balisok</u>, 520 U.S. at 643-46.  Restoration of good time credits must be sought in a habeas proceeding.  <u>See id.</u> at 643-44.

Taylor contends that he has been deprived of good time and meritorious time credits, not through a disciplinary proceeding, but by the prison's failure to apply his accrued credits to reduce his sentence.  Taylor's claim is not cognizable under § 1983 because success in his action would establish the invalidity of the duration of his confinement.  <u>See</u> <u>Wilkinson v. Dotson</u>, 544 U.S. 74, 81-82 (2005) ("a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Taylor has not shown that his sentence has been invalidated.  As recognized by the District Court, prior to filing his § 1983 action, the Delaware Supreme Court affirmed the denial of his mandamus petition seeking to compel the Department of Corrections to apply his accrued credits to reduce his life sentences.  <u>Taylor v. Danberg</u>, 31 A.3d 77 (table), 2011 WL 5137182 (Del. Oct. 27, 2011).

Because this appeal does not raise a substantial question, we will summarily affirm the judgment of the District Court.[2]

---

[2]It is unnecessary to address the District Court's alternative ruling that it lacked jurisdiction under the <u>Rooker</u>-<u>Feldman</u> doctrine.